IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-00008-D

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WINSTON-SALEM VETERANS AFFAIRS, | ) ) | |
| | ) | |
| Defendant. | ) | |

On January 13, 2016, Carlos A. Alford ("Alford"), appearing pro se, submitted a motion for leave to proceed in forma pauperis [D.E. 1] and his complaint [D.E. 1-1–1-2]. On January 26, 2016, the action was reassigned to this court [D.E. 4]. On March 22, 2016, Magistrate Judge Robert B. Jones, Jr. granted Alford's motion for leave to proceed in forma pauperis [D.E. 5], and the clerk filed the complaint [D.E. 6] and issued summons [D.E. 7]. On March 24 and 28, 2016, summonses were returned executed [D.E. 8–10].

On April 19 and 28, 2016, Alford moved for default judgment [D.E. 11, 13]. On May 12, 2016, Alford filed a motion for production of documents [D.E. 14]. On June 22, 2016, defendant filed a motion to dismiss [D.E. 17]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Alford about defendant's motion, the consequences of failing to respond, and the response deadline [D.E. 19]. On June 24, 2016, Alford responded in opposition to defendant's motion [D.E. 20], together with several exhibits [D.E. 20-1–20-4].

Alford's claims arise from his application to the United States Department of Veterans

Affairs ("VA") for veterans' disability benefits, which the VA denied on October 22, 2014. Compl. [D.E. 6-1] 3.[1] Alford contends that the "VA's decision was Arbitrary and Capri[ci]ous" and that the "VA broke their own rule." Id. Alford states that he

> brings this action pursuant to the Administrative Procedure Act (APA), 5 USC 702 and 706. To compel the United States Department of Veterans Affairs (VA) to act on Plaintiffs request for the Decision Review Officer to review documents in claims folder. These documents are urgently needed to enable Plaintiffs military disability benefits. Although the request was made 18 months ago. The VA has neither produced a decision or denied claim.

Id. 1. Alford contends that the VA's actions violate his procedural due process rights and seeks declaratory relief plus $20 million in damages. [D.E. 6] 2–3; Compl. 2.

Defendant seeks dismissal of Alford's complaint for lack of subject-matter jurisdiction. Def.'s Mem. [D.E. 18] 1–13; see Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). Because Alford asserts that this court has subject-matter jurisdiction, he must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

---

[1] Alford repeatedly has litigated numerous issues surrounding his military service and discharge. See Alford v. Mabus, No. 7:14-CV-195-D, 2015 WL 3885730, at *1 (E.D.N.C. June 23, 2015) (unpublished) ("Alford has repeatedly sought a change in discharge status for his periods of military service from both the Board for Correction of Naval Records ('BCNR') and this court."), aff'd, 622 F. App'x 249 (4th Cir. 2015) (per curiam) (unpublished).

2

"[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); see Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accordingly, a federal court must determine if a valid basis for its jurisdiction exists "and ... dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see Fed. R. Civ. P. 12(h)(3).

"In cases involving benefits owed to veterans, Congress has created a scheme conferring exclusive jurisdiction over claims affecting veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims." Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1020 (9th Cir. 2012). Specifically, the Veterans' Judicial Review Act, Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) ("VJRA"), "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." Beamon v. Brown, 125 F.3d 965, 967 (6th Cir. 1997).

Alford acknowledges that the VJRA "contains statutory provisions that preclude review of various challenges to the VA in federal district courts[,]" but contends that nothing in the VJRA prevents him from seeking review of an agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq., or "strip[s] district courts of the ability to hear facial constitutional challenges to the VA benefits system." Pl.'s Resp. Opp'n Def.'s Mot. Dismiss [D.E. 20] 3; see Compl. 2. Courts have repeatedly rejected arguments similar to Alford's and have held that the VJRA precludes both APA and constitutional claims. See Recinto v. U.S. Dep't of Veterans Affairs, 706 F.3d 1171, 1175–76 (9th Cir. 2013); Veterans for Common Sense, 678 F.3d at 1027–28, 1031; Beamon, 125 F.3d at 967–69; Howell v. United States, No. 5:14-CV-00898-F, 2015 WL 7459848,

3

at *2 (E.D.N.C. Nov. 24, 2015) (unpublished); Hutton v. U.S. Dep't of Veterans Affairs, No. 5:13-CV-417-FL, 2014 WL 2112673, at *2 (E.D.N.C. Apr. 4, 2014) (unpublished), report and recommendation adopted, 2014 WL 2112668 (E.D.N.C. May 20, 2014) (unpublished), aff'd, 582 F. App'x 244 (4th Cir. 2014) (per curiam) (unpublished). Thus, the court grants defendant's motion to dismiss.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 17] and DISMISSES this action for lack of subject-matter jurisdiction. The court DENIES AS MOOT plaintiff's motions [D.E. 11, 13–14]. The clerk shall close the case.

SO ORDERED. This **20** day of September 2016.

JAMES C. DEVER III
Chief United States District Judge

4